IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TOCCARA YVONNE PULLER,        )
                              )
        Petitioner,           )
                              )
v.                            )     Civil Action No. 3:23-cv-95–HEH
                              )
HAROLD W. CLARKE,             )
                              )
        Respondent.           )

## MEMORANDUM OPINION
(Dismissing Action Without Prejudice)

Petitioner Toccara Yvonne Puller ("Petitioner"), a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Puller is detained by a revocation order entered by the Circuit Court of Arlington County ("Circuit Court") entered on October 18, 2022. (ECF No. 20-1.) The Circuit Court imposed a previously suspended sentence of two (2) years and seven (7) months. (Resp't's Br. in Supp., ECF No. 20 at 1.) Respondent Harold W. Clarke ("Respondent") moves to dismiss (ECF No. 18) on the ground that Petitioner has failed to exhaust her state court remedies. Petitioner has responded. (Pet'r's Resp., ECF No. 26.) For the reasons set forth below, the Motion to Dismiss (ECF No. 18) will be granted.[1]

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28

---

[1] The Motion to Substitute Katherine Q. Adelfio as counsel for Respondent (ECF No. 23) will be granted.

U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal citation and quotations omitted). A petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code Ann. § 8.01–654(A)(1). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07-cv-746, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second

alteration added) (quoting *Graham v. Ray*, No. 7:05-cv-265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005)); *see also Sparrow*, 439 F. Supp. 2d at 587.

Since the revocation of her suspended sentence, Petitioner has not filed either a direct appeal, a collateral appeal, or a petition for a writ of habeas corpus with the Supreme Court of Virginia raising her present claims. Accordingly, the Motion to Dismiss (ECF No. 18) will be granted. The action will be dismissed. A certificate of appealability will be denied. Petitioner's outstanding motions (ECF Nos. 27, 28) will be denied.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Sept. 28, 2023
Richmond, Virginia